Mr. Bunevacz pleaded guilty to securities and wire fraud. He pleaded guilty within one month of appointment of counsel. He agreed to an extensive factual basis. He did not contest the amount of restitution. His plea agreement included calculations that would generate a sentencing guideline range of between 78 and 108 months. He was ultimately sentenced to 210 months, over twice what was already an extremely lengthy sentence contemplated in the plea agreement. Mr. Bunevacz contends on appeal that the excessive sentence was due to the district court's erroneous upward departure in variance, the government's breach of the plea agreement, improper victim impact evidence, and was unreasonable. So the first issue I'd like to turn to is the argument that the district court erred in departing upward in Mr. Bunevacz's criminal history category. Mr. Bunevacz had two prior convictions, both from the early 1990s when he was a youth. Petty theft in 1991, he tried to steal a comforter, sentenced to probation with one day in jail, burglary in 1993 when he used a false ID to apply for a store credit card. Both of them were misdemeanors. They did not count in the criminal history calculation because they were so stale. He also had a state court conviction for sale of securities in 2017, in which he was sentenced to probation with 360 days in jail. That was considered relevant conduct by the probation officer and ultimately determined to be relevant conduct by the court. It did not generate any criminal history points. But the court nonetheless departed upward even though he only had two misdemeanors. They were 30 years old at the time of sentencing. There's nothing in the record to indicate that the trial court was relying on those old misdemeanors, correct? I think that there isn't, but that's the only thing she could have relied on because you have to rely on criminal history. It has to be not part of the instant offense. And the only criminal history he had was those two 30-year-old misdemeanors. There was no other criminal history as defined in the sentencing guidelines. And with respect to the upward departure, she was bound by the language of the sentencing guidelines. I was going to ask you, you're calling this a departure, but why isn't it a variance? She granted one departure and one variance, Your Honor. She was explicit into what she was doing. She departed upward one category in criminal history. That's under the language of the sentencing guidelines, although we can tell that it's barred by the sentencing guidelines. But she said that it was pursuant to the sentencing guidelines. She then granted a four-level Brooker variance, a 3553A variance. So she had both a departure and a variance. And at this point, I'm addressing the departure. If the recent California conviction was not considered part of the relevant conduct, wouldn't it have equaled three criminal history category points? Three criminal points? No. Then he would have been in criminal category two. No, Your Honor, because after this sentencing, this was in 2022, but in 2023, the Sentencing Commission retroactively deleted what are called status points for two. Okay, but putting that aside, before the 2023 change in the rules, it would have equaled three criminal history category points, correct? It would have. But had she done that, Mr. Bunovac could then have gone after November 1, 2023, he could have gone in and had those deleted because it was retroactively deleted. And there's a procedure in the sentencing guidelines for removing those points if they were granted. I mean, I guess the point being is there seems to be a reason why the departure happened. Because by virtue of this relevant conduct, which is pretty expansive, he got a huge benefit by getting zero criminal history points. But if it was relevant conduct, then he would have been in category two, and that's a huge difference. So it seems exactly what that variance is for, or that departure is for. Well, I think under the language of the guidelines, it can't be, because the guidelines specify it has to be conduct not part of the incident offense or relevant conduct. So in this case, it could not have been granted under the terms of the guidelines. But as I say, had the district court done that, it would have been retroactively corrected once the sentencing commission deleted, retroactively deleted the status points. What do we do with the fact that the court noted a policy disagreement with how the guidelines were working in this case, and particularly that in her judgment it wasn't accounting for the seriousness of his conduct shown between the state conviction and then the conviction that was at issue in this case? And given that we review for substantive reasonableness at this point, the guidelines are not mandatory, how do you get around that the district court is basically just telling us, for all kinds of factual reasons, that she just doesn't think that the calculation under the guidelines is enough for the facts of this case? I understand, Your Honor. With respect to the departure under the guidelines, I think that's bound by the guidelines, and the court can review the language of the guidelines. When you move on to the 355A factors, Your Honor, it's correct. Then it's reviewed for substantive reasonableness, and I would argue that it's not because it's contrary to the terms of the guidelines. Let me just disagree with you on that point and conclude that it was substantively reasonable what the district court did in this case, and what does that do to the argument that you're making about the criminal history? I think it's separate because I think, first of all, the guidelines have to be correctly calculated. I mean, the guidelines, this court has said, are the benchmark, the initial benchmark, the starting point, the touchdown, the load stop. They have to be correctly calculated. So you start from that point, and they have to be correctly calculated, which we argue the district court didn't do. And then you move on to the substantive reasonableness. And we would argue that the guidelines already encompass all of the factors that the district court was relying on. There were three enhancements, and it was an extremely lengthy guideline sentence that was contemplated by the guidelines. And we argue that it already encompassed the factors that the district court said she was considering in terms of when she imposed her upward variance. But if I finish answering that, I want to move on to another issue. Just briefly, why couldn't the departure happen for relevant conduct? Under what basis are you saying that? I'm saying under 4A1.2A1, criminal history points are, for a prior sentence, defined as a sentence for conduct not part of the incident offense or relevant conduct. 4A1.3 is a departure for underrepresenting criminal history. I don't see it precluding taking account of relevant conduct. She said that the issue is similar to 4A1.3, but that refers to an upward departure where the defendant is pending trial or sentencing on another charge. So it's starting on another charge, not the incident offense or relevant conduct. Sorry, counsel, just one last question on that. Let's just assume that you're right, and a criminal history score category should have been won. That still wouldn't prevent in any way the sentence being reimposed that was already imposed, right? Subject to the evaluation of substantive reasonableness of the sentence. Right. So, in other words, you're asking us to maybe have it go back for really kind of a ministerial correction of the record. Well, I don't think that's correct, because I think this Court has emphasized the sentencing guidelines at the starting point, the benchmark. They have to be kept in mind. They have a substantial role in the determination of what's a reasonable sentence. That's where you start. So if you're starting for a lower point, you should end up at a lower point, would be my argument. I see I only have two minutes left, so I'll reserve the remainder for a moment. Thank you, Your Honor. All right, Mr. Schwab. Good morning, Your Honors. May it please the Court, I would say the Schwab on behalf of the United States. The bulk of the defendant's sentencing arguments in this case are different facets of the same stone, a claim of substantive reasonableness. And that claim is reviewed under a deferential abuse of discretion standard and neither defendant's dissatisfaction with his sentence, nor the fact that reasoning lines might have even differed on some of these issues, is a basis for reversal. And it's appropriate that it is such a demanding standard, because fundamentally, this Court has said before, that the district court is in the best position to find facts that are relevant to sentencing and give consideration to their import. And what substantive reasonableness is about is whether the district court gave rational and consider meaningful consideration to the Section 3553A factors, and that's precisely what occurred here. I'll just note one other thing is that substantive reasonableness and the demanding standard that it imposes, it's a neutral standard. It's one that probably in the majority of cases is actually beneficial to defendants, because it's more frequent that there's a downward variance than there's an upward variance, as was the case here. I think it's improper to analyze this case in the way that my friend suggests under Gall, to suggest this is part of that two-step analysis of first looking at the sentencing guidelines and then looking at substantive reasonableness. This Court has previously stated on multiple occasions that post-Booker, downward departures or upward departures under the sentencing guidelines are now analyzed holistically as part of that substantive reasonableness analysis. So fundamentally, this Court is right in its questions that the analysis, whether or not the exact verbiage of the upward departure in the sentencing guidelines, whether or not this Court agrees that the district court appropriately imposes as a departure was correct, that doesn't matter. What matters is whether it provided ample basis for guaranteeing an upward variance on those grounds. And it's still important to know, is it proper to take relevant conduct and use it as a basis for upward departure under 4A1.3? Sure, and I want to just make very clear here, and the government briefed this in Exerts of Record 199-200 of the record here. The government was not relying, very explicitly not relying on the fact of the prior state conviction. And the district court agreed that it was not relying on the fact of the prior conviction. Rather, it was relying on the fact that this defendant committed the instant offense while on probation. In fact, escalated the severity of the conduct while on probation in the state offense. And analogizing that to what is spelled out in the non-exhaustive list as the basis for an upward departure for inadequate criminal history, the district court said, look, this is a guy who's obviously at a higher risk of recidivism because even when he had a sentence imposed on him, he continued committing the same crime. In fact, escalated that crime even while serving that same sentence. His state court conviction was not the basis for the upward departure. Correct. The fact that he was instead relying on. Wasn't there also an upward obstruction departure? There was a variance granted based on the fact that the court determined even though the obstruction of justice enhancement didn't apply as a matter of its interpretation of the guidelines, the logic of that guideline still applied and so granted an upward variance. So he's being penalized two times for the same conduct? No, it comes from the same set of affairs, but it's two different considerations. On the one hand, there's the concern of deterrence and whether this defendant is at risk of recidivism. And obviously the fact that one has continued to commit a crime while on probation increases that risk. Separately from that, there's the question of the severity of the crime itself. Is this individual not just committing a crime but willing to subvert the administration of justice in order to perpetrate that crime? And that goes to the obstruction, not enhancement, but variance that was imposed in this case. The connection between the state conviction and this conviction and what the district court clearly was concerned about makes sense for why you would adjust the offense level. But there is some logical appeal to the defense's argument about why are we adjusting the criminal history level based on this? Again, it's just that the criminal history adjustment is based purely on the fact that this defendant was committing the instant offense while serving probation in a state offense. And the government agrees that, or at least agreed for purposes of the sentencing guidelines determination, that the conviction itself didn't count towards criminal history points. You shouldn't get one point for that. But the two points that occurred at the time for committing the instant offense while serving the criminal justice sentence, in this case the fact that he was on probation and continuing to offend, that shows that he's a greater risk of recidivism than someone who had a perfectly sterling record. And really, in a sense, you're saying the two points don't exactly count, but it's the conduct of the two points. But, you know, you're saying the same thing. You're saying it's not that she imposed two points, it's that she imposed the upper variance based off of the conduct of the two points. Correct. And basically the logic is the same. I agree that, as a factual matter, if the underlying conviction was not going to count, and so saying that his sentence was a prior sentence for guidelines purposes, the logic here that this is a defendant who's committing an offense while serving another sentence still applies. And that wasn't otherwise being accounted for in this defendant's sentencing guidelines. And, again, I come back to the... If I could just comment. I mean, is that the case that even if, as a technical matter, it wouldn't result in an enhancement of offense points, it's certainly fine for the district judge to take that conduct into account under 3553A? You took the words right out of my mouth, Judge Zanotto, that essentially even if you disagree with my analysis and the district court's analysis as a departure under the guidelines, this is appropriate conduct to consider under Section 3553A when it comes to deterrence and the danger this defendant poses to the community and his risk of recidivism going forward. Broadly speaking, I do want to note, you know, some time was spent in both the briefs about whether the district court appropriately explained its sentence. I'll note that the bulk of the defendant's claims, both during the sentencing hearing itself and in his papers, were arguments about his health, and the district court explicitly referenced that and explained why it wasn't compelling to her. But I think it's something of a red herring to say that the district court was presented with an argument that this defendant should receive a lower sentence because of his gambling or drug addictions. I look back at the record, and I don't see any references by the defendant to either of these during the sentencing hearing itself. And the only reference to these in the sentencing papers is one reference on page 138 of the Exerts of Records stating, quote, his pretrial detention has also forced him to grapple with issues he has avoided for some time, namely his gambling and drug addictions. Although no excuse, these addictions contributed to the scope of his fraud, and Mr. Bonavage intends to continue addressing them during and after his time in prison. I'd interpret that not even as a statement that these are mitigating factors, but more a basis to justify what ultimately turned into a recommendation for RDAP, which is a program for people who have substance abuse issues. And ultimately, a recommendation for RDAP was actually included as part of the sentence in this case. So this wasn't some sort of separate mitigating argument that was presented to the district court that the district court failed to grapple with. Rather, the chief argument, which was one of health concerns, was directly grappled with, and the court stated that even if the marshals haven't done the best job of dealing with these health concerns, the Bureau of Prisons has expertise in dealing with them, and in fact, specific institutions that are equipped with dealing with them. I'll just note as one final thing, I know that it wasn't really brought up much before during my friend's argument, but with respect to the victim impact statements, I'll just note that CDRA is distinct not just in its function, but its purpose from what role victim statements play in the death penalty cases cited by my friend. As stated in Kenna, it's not just about influencing the district court's ultimate sentence, but rather it's about the defendant's right to specifically confront, excuse me, the victim's right to confront his or her victimizer. And that's something that's distinct from the role that the penalty phase plays in death penalty proceedings. And certainly, at the very least, there's no case on point under the CDRA stating that there's ever been a basis for reversing a sentencing because CDRA statements were excessively inflammatory. I submit that under plain error review, both under the second prong and in the third prong for failure to show prejudice, my friend wouldn't have a basis for reversal here in that. Unless this court has any further questions, I'd submit. All right, counsel, thank you for your helpful argument. Thank you. And Dan, I think you have a little bit of time left. Thank you, Your Honors. I'll be very brief. First of all, I wanted to address the issue of whether or not this court should look at downward departures and look at them separately. And we decided the Mohammed case in the brief. So Mohammed says we don't need to suggest that the pre-booker system of departure should be ignored. That system reflected the sentencing commission's judgments about what type of consideration should or should not take a case out of the heartland. In other words, we're still supposed to look at departures under the guidelines. And that's because this court has repeatedly emphasized the guidelines are the starting point. If you start off at the wrong point, you end up at the wrong point. But, I mean, in O'Meara case, the Vasquez-Crews case, we said, quote, departure is subsumed in the review of the ultimate sentence for substantive reasonableness. So that's what I'm struggling with. It seems like our role in the Ninth Circuit is a unitary review of sentences for substantive reasonableness. And so, like I said, I think that you've got some logical appeal to some of the technical arguments that you're making, but I'm not sure how we get to them given our standard of review post-booker. Okay. Well, I would argue that if the guidelines are important and this court has emphasized that the court has to correctly calculate the guidelines range, then it has to be reviewable at some level. And I wanted to comment on something that Judge Blumenthal mentioned, that he was being penalized twice for the same conduct. And, in fact, as discussed in our brief, he got about five or six years for having repaid investors with fraudulent funds, which was alleged. And if he had actually gone to jail instead of repaying investors for the restitution, he would have only served about six months. So I would argue that's really a reasonable and excessive penalty for the fact that he allegedly repaid investors with fraudulent funds. And then I also wanted to turn to, Mr. Schwab said that he thought that Mr. Bonifacio's arguments about heart failure and about his gambling and his drug addictions were not offered as mitigation. And, in fact, they're in a section in the brief that he cited in the sentencing position PR 138 that says the history of characteristics of Mr. Bonifacio support a one-level downward variance. So they were, in fact, submitted as mitigating factors in support of a lower sentence. Unless there are any further questions. I see I'm out of time. Thank you. All right, counsel. Thank you for the helpful argument. The case of United States v. Bonifacio, Case 22-50295 is submitted.
judges: FORREST, BUMATAY, Donato